UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| TERRENCE WASHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 14-116-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| SANDRA BUTLER, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Terrence Washington is confined as an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Washington has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] Based on the Supreme Court's holding in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), Washington challenges the sentence he received for violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Washington's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), overruled on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007). Thus, at this stage of the proceedings, the Court accepts Washington's factual

allegations as true, and liberally construes his legal claims in his favor. However, for the reasons discussed below, Washington's petition will be denied.

I.

On June 7, 2002, Washington and co-defendant Albert Brewer were charged in an Illinois federal court with possession of 500 grams or more of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). *United States v. Terrence Washington*, 2: 02-CR-20049-MPM (C.D. Ill. 2002). Rather than proceeding to trial, Washington entered an unconditional guilty plea. On February 18, 2003, he received a 420-month sentence of imprisonment, to be followed by a five-year term of supervised release. *Id.* Because Washington provided false testimony and failed to show remorse for his crime, he was precluded from a reduction in his offense level for acceptance of responsibility. Washington appealed, contending that the district court erred in its calculation of drug quantity and by not lowering his offense level. On July 30, 2003, the United States Court of Appeals for the Seventh Circuit affirmed the district court's judgment, finding Washington's arguments meritless. *United States v. Washington*, 70 F. App'x 897 (7th Cir. 2003).

In 2006, Washington moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. However, his motion was denied and Washington did not appeal. *United States v. Washington*, Case No. 06-2007 (C.D. Ill. Mar. 9, 2006) (unpublished). In 2008, Washington filed a motion to modify his sentence under 18 U.S.C. § 3582(c)(2) on the basis of Amendment 706 to the Sentencing Guidelines. The district court agreed that Amendment 706 lowered Washington's offense level from level 38 to level 36 and reduced his sentence to 364 months of imprisonment. *United States v. Terrence Washington*, 2: 02-CR-20049-

MPM (C. D. Ill., Sept. 16, 2008) [Record No. 99 therein]. Washington appealed on the ground that decision, arguing that he was entitled to a greater reduction of his sentence. The Seventh Circuit affirmed, noting that § 3582(c)(2) does not entitle defendants to a full resentencing. *United States v. Terrence Washington*, No. 08–3648 (April 3, 2009).

In 2011, Washington filed a second motion to reduce his sentence under § 3582(c)(2), this time relying on Amendment 750 to the Sentencing Guidelines. The district court denied that motion because Washington's offense level calculation under Amendment 750 remained unchanged. Therefore, he was not eligible for any further reduction in his sentence. *United States v. Terrence Washington*, 2: 02-CR-20049-MPM (C. D. Ill., Feb. 7, 2012) [Record No. 117 therein]. On June 4, 2012, the Seventh Circuit affirmed the district court's decision. *United States v. Washington*, 468 F. App'x 641 (7th Cir. 2012).

**II.**

In his current § 2241 petition, Washington asserts that the district court, instead of the jury, improperly determined the drug quantity using a preponderance of the evidence standard, resulting in its finding that he possessed 1.5 kilograms of cocaine instead of the 500 grams charged in the indictment. [Record No. 1-1, p. 2] He claims that the district court's drug quantity determination increased his mandatory minimum sentence from five years to ten years [*see Id.*, p. 15] in violation of his rights under the Fifth and Sixth Amendments to the U.S. Constitution, which guarantee due process of law and the right to a jury trial in a criminal proceedings. Washington relies upon *Alleyne* in support of his argument that his federal sentence should not have been enhanced. In *Alleyne*, the Supreme Court held that any fact that increases a mandatory minimum sentence for a crime is an "element" of the

crime, not a "sentencing factor," that must be found by a jury. *Id.*, 133 S.Ct. at 2162–63. Washington contends that *Alleyne* applies retroactively, renders him actually innocent of the charged offense, and affords him relief from his sentence.

### III.

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

Washington is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of § 2241. Instead, he contends that under *Alleyne*, his sentence violates his constitutional rights and is excessive. Washington attempts to challenge the constitutionality of his sentence on Fifth

4

and Sixth Amendment grounds under § 2241 by way of the "savings clause" of § 2255(e). However, § 2241 is not the proper mechanism for this claim.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012). This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. Further, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003), and a petitioner may *only* pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Washington contends that his § 2255 motion was inadequate or ineffective because *Alleyne*, decided long after his § 2255 motion was denied, supports his argument that the district court improperly determined the quantity of drugs for which he was held responsible and then, based on that determination, imposed an excessive sentence. The petitioner devotes a significant portion of his Memorandum of Law to his argument that *Alleyne* applies retroactively. [Record No. 1-1, pp. 8-16] However, his argument on this issue is misplaced because the Supreme Court did not indicate in *Alleyne* that its holding applies retroactively to cases on collateral review.

5

The Supreme Court has unequivocally stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). Further, the Sixth Circuit Court of Appeals has joined numerous other appellate courts in holding that *Alleyne* does not apply retroactively to cases on collateral review. *See In re Mazzio*, 756 F.3d 487, 489-91 (6th Cir. 2014); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *United States v. Harris*, 741 F.3d 1245, 1250 n. 3 (11th Cir. 2014); *United States v. Redd*, 735 F.3d 88, 91-92 (2d Cir. 2013) (*per curiam*); *United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (*per curiam*); *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (*per curiam*); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (*per curiam*); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). In short, *Alleyne* does not afford Washington any relief from his federal sentence.

Moreover, Washington does not claim that he is actually innocent of the underlying drug offense of which he was convicted. In other words, he has not alleged that he "stands convicted of 'an act that the law does not make criminal.'" *Carter v. Coakley*, No. 4:13 CV 1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."); *Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("[The petitioner] does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section

2255(e) does not apply to sentencing claims."). *See also Whittaker v. Chandler*, 574 F. App'x 448, 449 (5th Cir. 2014) (holding that *Alleyne* and other cases which address sentencing issues had "no effect on whether the facts of Whittaker's case would support his conviction for the substantive offense.")

Washington's claim challenging the length of his sentence fails because claims of sentencing error do not qualify as "actual innocence" claims under § 2241. *See Bannerman*, 325 F.3d at 724; *Hoskins v. Coakley*, No. 4:13-CV-1632, 2014 WL 245095 (N.D. Ohio Jan. 22, 2014) (denying federal prisoner's § 2241 petition in which he merely challenged his enhanced sentence). Because Washington has not alleged a viable claim of actual innocence, he is not entitled to relief under § 2241.

**IV.**

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1. Terrence Washington's § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This 8th day of December 8, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge